254

PINAUD, Inc., v. PARFUMERIE J. LES-
QUENDIEU.

Patent Appeal No. 2509.

Court of Customs and Patent Appeals.
Dec. 19, 1930.

Hoguet & Neary and Daniel L. Morris, all of New York City (M. S. Rupert, of New York City, and Martin T. Fisher, of Washington, D. C., of counsel), for appellant.

Mock & Blum, of New York City (Charles R. Allen, of New York City, of counsel), for appellee.

Before GRAHAM, P. J., and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal, in a trade-mark cancellation proceeding, from the decision of the Commissioner of Patents affirming the decision of the Examiner of Interferences dismissing appellant's application for the cancellation of the registration of appellee's trade-mark "Pinoflor" for use on perfume, toilet water, face powder, talcum powder, lotion for the skin and hair, brilliantine, sachet, bath salts, and dentifrices.

Appellee's trade-mark was registered November 9, 1926, on an application filed July 14, 1926.

In its petition for cancellation, appellant claimed ownership of the following registrations: No. 225,667 of March 22, 1927; No. 14,187 of March 22, 1887, renewed March 22, 1917; No. 14,211 of March 29, 1887, renewed March 29, 1917; No. 219,713 of October 19, 1926; No. 220,778 of November 16, 1926.

The record also contains many other registrations issued to appellant or its predecessors prior to the date of appellee's application for registration of its mark.

In May, 1877, the predecessor of appellant registered a composite mark consisting of a small basket of flowers placed in the lower part of a circle. The words "A la Corbeille Fleurie" and the words "Marque de Fabrique" appear above, and the words "Ed. Pinaud, Paris," appear below, the flowers.

Appellant's predecessor also registered the following trade-marks for use on perfumery and toilet preparations: The words "A la Corbeille Fleurie"; a composite trade-mark consisting of a pictorial representation of a basket of flowers accompanied by the words "Ed. Pinaud, Paris"; the words "Ed. Pinaud" in script, representing an autograph signature of Ed. Pinaud; and the words "Lilas de France."

With the exception of the registered trade-marks "A la Corbeille Fleurie" and "Lilas de France," the words "Ed. Pinaud" are the dominant feature of each of these registrations.

It appears from the record that appellant has expended large sums of money in advertising its trade-marks and has sold its goods in large quantities throughout the United States for many years prior to the use by appellee of its trade-mark; that the originator of appellant's business was a person by the name of Ed. Pinaud, from whom appellant derives its corporate name; that the word "Pinaud" is pronounced Pēno, although it is frequently pronounced (as it was by one of appellant's employees and witnesses) as if it were spelled Pēnod; and that appellant's goods are sold to jobbers, wholesale druggists, department stores, retail drug stores, mail order houses, barber shops, etc.

The witness George Panopulo, general manager of appellant, stated that, while he had never heard of any confusion resulting from the use by appellee of its trade-mark, he thought there would be and that appellant might be damaged for the following reasons: "Because of the misspelling of the word 'Pinaud' as 'Pino,' which is confused with our trade-name 'Pinaud,' which is pronounced the same thing, and when we pronounce 'Pinoflor' it is something which indicates

'Pino Flower.' Now 'flor' as translated in English means 'flower' from the Spanish or Portuguese expression of flower, and even in English when you say 'Pinoflor' you say 'flower' which means 'Pinaud's flower.' The public and the trade is educated for all of these 30 years, or rather 25 years of my connection with Pinaud to call all our products or rather to pronounce our products 'Pino flowers,' that is, associated in our products as labels," etc.

It also appears from the record that the goods on which the parties use their respective trade-marks possess the same descriptive properties, and, although appellee presented no evidence, we may assume, for the purposes of this case, that its goods are sold in the same stores and to the same trade as are those of appellant.

In his decision, holding that the marks of the parties were not confusingly similar and dismissing appellant's petition for cancellation, the Examiner of Interferences, among other things, said:

"It appears to be the contention of the petitioner that the registrant's mark 'Pinoflor' while appearing as a single word, is in fact composed of two foreign words, which on being analyzed and translated into the English language have the same significance as the mark of the petitioner, whose mark is alleged to consist essentially of the notation 'Pinaud' associated with a representation of flowers. The petitioner arrives at this conclusion by translating into the French language the first syllable or prefix 'Pin' of registrant's mark in which language it means pine, and into the Spanish or Portuguese language the second syllable or suffix 'Flor' meaning flowers. These two words when joined by the English interjection 'o,' to form a single word, as it is contended the registrant has done, mean 'pine flowers' or 'flowers of pine' which it is alleged have substantially the same meaning conveyed by petitioner's mark comprised of the word 'Pinaud,' associated with flowers, in which the word 'Pinaud' is said to be pronounced as though it were spelled 'Pino.' * * *

"It is thus seen that Pinaud is a family name or a surname and as such, it is believed, does not suggest 'Pine' as interpreted by the petitioner. Moreover, as previously stated, the record does not show that this name Pinaud alone has ever been associated with flowers, and used by the petitioner as trade mark prior to applicant's filing date.

"It is the contention of the petitioner,

however, that the word 'Pinaud' is the dominant part of the notation Ed. Pinaud or Edouard Pinaud and that the association of this dominant part of the notation with a representation of flowers is the particular feature of petitioner's mark that is infringed by the mark 'Pinoflor' of the registrant. This contention is clearly without force. It is not believed that anyone, even if he be familiar with the languages, French, Spanish or Portuguese, and English, necessary to translate and analyze this mark in the manner indicated by the petitioner, would confuse this mark with any of the marks, or parts thereof, relied upon by the petitioner."

The decision of the Examiner of Interferences was affirmed by the Commissioner of Patents.

It is contended by counsel for appellant that appellee's trade-mark is really nothing more than a phonetic spelling of the word "Pinaud"; that the mere addition of a suffix to an existing trade-mark is not sufficient to differentiate the new mark from the old; and that the addition by appellee of "Flor" to "Pino" enhances the possibilities of confusion, because of the use by appellant in some of its composite trade-marks of pictorial representations of baskets and sprays of flowers.

On the other hand, counsel for appellee contends that the trade-marks of the parties are wholly dissimilar in appearance, sound, and meaning; and that the use by appellee of its mark will not result in damage to appellant.

After careful consideration of the record and the arguments of counsel, we are of opinion that the tribunals of the Patent Office reached the right conclusion. Nor, in so holding, are we unmindful of the well-established rule that, in a close case, doubt should be resolved against the newcomer. Whether appellant's mark be considered as "Ed. Pinaud" or as "Pinaud," alone or used in connection with pictorial representations of flowers, we are unable to reach any conclusion other than that the trade-mark "Pinoflor" of appellee is wholly dissimilar in sound and in appearance to any of those of appellant. Furthermore, it would require reasoning of great refinement, technical translations of foreign words and parts thereof, and considerable imagination to conclude that appellee's mark is confusingly similar in meaning to any of the trade-marks of appellant. We may not assume that the American public will deceive itself and thereby injure appellant by indulging in such mental

256

exercise. Apex Electrical Mfg. Co. v. Landers, Frary & Clark (Cust. & Pat. App.) 41 F.(2d) 99.

We are of opinion that the trade-marks of the parties are not confusingly similar; that the use by appellee of its trade-mark will not result in injury or damage to appellant; and that, although appellant had used its trade-mark for many years prior to the adoption and use by appellee of its trade-mark; nevertheless, appellee was entitled to use its mark on its goods at the time it filed its application for registration.

The decision is affirmed.

Affirmed.